IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OWNERS INSURANCE COMPANY,

    Plaintiff,

    v.

JUDY ROBERTSON, JOHN ROGERS
RENOVATIONS, INC., and JOHN
ROGERS,

    Defendants.

CIVIL ACTION FILE
NO. 1:22-CV-409-TWT

## OPINION AND ORDER

This is a declaratory judgment action. It is before the Court on the Plaintiff Owners Insurance Company's Motion for Summary Judgment [Doc. 28]. The Defendants Judy Robertson, John Rogers Renovations, Inc., and John Rogers have not filed a response to the Motion for Summary Judgment. For the reasons set forth below, the Plaintiff's Motion for Summary Judgment [Doc. 28] is GRANTED.

### I. Background[1]

This action arose from the Defendants John Rogers and John Rogers

---

[1] The operative facts on the Motion for Summary Judgment are taken from the Plaintiff's Statements of Undisputed Material Facts. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B). As the Defendants here have not filed a response to the Motion, the Court will deem the Plaintiff's Statements of Undisputed Material Facts admitted.

Renovations, Inc.'s (collectively, "Rogers Renovations") alleged breach of a contract to complete home renovations on the home of Defendant Judy Robertson, based on their negligence in performing the renovations. (Compl., Ex. A). On June 21, 2021, Robertson filed a complaint in state court asserting claims for breach of contract and negligence against Rogers Renovations under Georgia law. (*Id.*). Rogers Renovations was insured by Plaintiff Owners Insurance Company, which issued a Commercial General Liability Insurance Policy ("CGL Policy") effective from February 14, 2019, through February 14, 2020. (Compl., Ex. B; Pl.'s Statement of Material Facts ¶ 15). Owners issued Rogers Renovations a Reservation of Rights Letter on August 3, 2021, informing Rogers Renovations that while the Plaintiff would provide a defense to Robertson's state court suit, it was investigating the facts underlying Robertson's claim against the CGL Policy and reserved its rights to later determine that the CGL Policy did not provide coverage to Rogers Renovations. (Compl., Ex. C; Pl.'s Statement of Material Facts ¶ 16).

The factual basis underlying Robertson's state court claims is essentially that her home renovation, which she contracted with Rogers Renovations to complete, went awry. Specifically, the contract called for Rogers Renovations to remove slabs of concrete and to re-pour them. (Pl.'s Statement of Material Facts ¶¶ 3-4). When the slabs were re-poured, however, no vapor barrier or vapor retarder were placed between the slab and the subgrade. (*Id.* ¶ 4). This error allowed moisture to come through the concrete, damaging

2

Robertson's flooring. (*Id.* ¶¶ 7-9). As a result, Robertson was left with an unusable kitchen, no wood flooring, and a master bathroom that will need to be gutted in order to place a vapor barrier and re-pour the concrete slab. (*Id.* ¶ 5). Additionally, areas that Rogers Renovations had worked on were left with bubbling paint and cracked trim. (*Id.* ¶ 6). Rogers Renovations also failed to correctly perform electrical work and installed damaged cabinetry. (*Id.* ¶¶ 10-11). All of these tasks were within the scope of work that Rogers Renovations was contracted with to complete. (*Id.* ¶¶ 12-13).

On February 1, 2022, Owners filed a declaratory judgment action in this Court against John Rogers, Rogers Renovations, Inc., and Judy Robertson, seeking a declaration under Rule 57 of the Federal Rules of Civil Procedure that it is not obligated to indemnify or defend John Rogers or John Rogers Renovations in the state court suit for damages arising from the renovations work undertaken on Robertson's home. Owners filed the Motion for Summary Judgment [Doc. 28] that is presently before the Court on October 27, 2022. Although Defendants John Rogers and Rogers Renovations, Inc. filed Answers to the Complaint, none of the Defendants filed responses to the Motion for Summary Judgment.

## II. Legal Standards

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter

3

of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

Despite the Defendants' lack of opposition, the Court "cannot base the entry of summary judgment on the mere fact that the motion [i]s unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). In considering the merits, the Court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.*

### III. Discussion

In its Complaint, Owners raised a total of seven claims for a declaratory judgment that, under the terms of the CGL Policy, it is not obligated to defend or indemnify Defendants John Rogers or John Rogers Renovations in the state court suit. (*See* Compl. ¶¶ 19-57). For the reasons explained below, the Court finds Count I to warrant summary judgment in Owners' favor and will,

therefore, decline to address the merits of Owners' remaining claims.

Under Georgia law, an insurer's duty to defend and its duty to indemnify are separate and independent obligations. *Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc.*, 268 Ga. 564, 565 (1997). The Georgia Court of Appeals has provided the following regarding an insurer's duty to defend allegations against its insured:

> An insurer's duty to defend turns on the language of the insurance contract and the allegations of the complaint asserted against the insured. We look to the allegations of the complaint to determine whether a claim covered by the policy is asserted. If the facts as alleged in the complaint even arguably bring the occurrence within the policy's coverage, the insurer has a duty to defend the action. However, . . . where the complaint filed against the insured does not assert any claims upon which there would be insurance coverage, the insurer is justified in refusing to defend the insured's lawsuit.

*City of Atlanta v. St. Paul Fire & Marine Ins. Co.*, 231 Ga. App. 206, 207 (1998) (citations omitted). "For an insurer to be excused under Georgia law from its duty to defend an action against its insured, the allegations of the complaint must unambiguously exclude coverage under the policy." *HDI-Gerling Am. Ins. Co. v. Morrison Homes, Inc.*, 701 F.3d 662, 666 (11th Cir. 2012). Insurance policies are contracts under Georgia law, obligating the Court to enforce the policy's clear and unambiguous terms. *Am. Empire Surplus Lines Ins. Co. v. Hathaway Dev. Co., Inc.*, 288 Ga. 749, 750 (2011).

To begin, the CGL Policy defines "property damage" as either "[p]hysical injury to tangible property, including all resulting loss of use of that property,"

or "[l]oss of use of tangible property that is not physically injured." (Compl., Ex. B at 81-82). Additionally, the CGL Policy defines "[y]our work" as "[w]ork or operations performed by [John Rogers Renovations] or on [its] behalf;" and . . . "[m]aterials, parts or equipment furnished in connection with such work or operations." (*Id.* at 82). The CGL Policy covers "property damage" if certain criteria are met, but excludes coverage for:

> [t]hat particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations; or . . . [t]hat particular part of any property that must be restored, repaired, or replaced because 'your work' was incorrectly performed on it.

(Compl., Ex. B. at 62, 65).

In its Motion for Summary Judgment, Owners argues that the only damages Robertson seeks in the state court suit are for costs to cover the completion, repair, or correction of defective work performed by Rogers Renovations on her home. (Mot. for Summ. J. at 12). Owners contends that none of these damages constitute property damage as that term is defined in the CGL Policy and, therefore, that it has no duty to defend or indemnify John Rogers or John Rogers Renovations, Inc. in the state court suit. (*Id.* at 15-18). In essence, Owners asserts that claims for faulty workmanship cannot constitute property damage under Georgia law. (*Id.* at 18-19). On this point, Owners is correct. *See Taylor-Morrison Servs., Inc. v. HDI-Gerling America Ins. Co.*, 293 Ga. 456, 461 (2013) ("After all, 'property damage,' as that term is

6

used in the standard CGL policy, necessarily must refer to property that is nondefective, and to damage beyond mere faulty workmanship."). Indeed, it is a "settled notion that CGL coverage generally is intended to insure against liabilities to third parties for injury to property or person, but not mere liabilities for the repair or correction of the faulty workmanship of the insured." *Id.* at 460-61.

The record evidence here supports Owners' argument. Robertson testified in her deposition that all of the issues she was experiencing were within the scope of the work that Rogers Renovations was hired to perform, and that there was no damage to her home outside the scope of their contract. (Mot. for Summ. J., Ex. 3 at 120). The contract between the Defendants shows that Rogers Renovations agreed to cut concrete in Robertson's kitchen, laundry room, and family room "as necessary" in order to move and connect plumbing and install electrical outlets. (Mot. for Summ. J., Ex. 3 at 169). Rogers Renovations also agreed to install cabinetry in Robertson's kitchen, laundry room, and office, install trim in these renovated areas, and install exterior doors. (*Id.* at 170-71, 173). Finally, Rogers Renovations agreed to tile Robertson's master bathroom, lay wood flooring in her kitchen, foyer, family room, and hallway, and to paint interior and exterior areas around the home. (*Id.* at 172). A review of Robertson's complaint in the state court suit confirms that she is seeking damages only for faulty work to these areas of her home that Rogers Renovations was contracted to renovate. (*See* Compl., Ex. A

7

¶¶ 11-16, 18-20, 25-28).

The Court finds that the CGL Policy affords no coverage to Rogers Renovations for these damages because they do not constitute "property damage" as that term is defined in the CGL Policy. *See Taylor-Morrison Servs., Inc.*, 293 Ga. at 461; (Compl., Ex. B at 81-82). In other words, the issues about which Robertson complains did not arise as a result of any property damage, but instead due to Rogers Renovations' faulty workmanship in the first place. Additionally, these types of damages fall squarely under the exclusion in the CGL Policy for "damage to property" requiring restoration or replacement because—in this case—Rogers Renovations' work was incorrectly performed. (*See* Compl., Ex. B at 65). Accordingly, there is no genuine issue of material fact that the CGL Policy in question "unambiguously exclude[s] coverage" to John Rogers and John Rogers Renovations, Inc. for the damages that Robertson seeks in the state court suit. Therefore, Owners is under no duty to defend John Rogers and John Rogers Renovations, Inc. in the state court suit, and the Court will grant summary judgment for Owners as to Count I on that basis. *See HDI-Gerling Am. Ins. Co.*, 701 F.3d at 666.

Typically, an insurer's duty to indemnify "is not ripe for adjudication until the underlying lawsuit is resolved." *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019). But a court's determination that an insurer has no duty to defend "is dispositive of the duty to indemnify." *Travelers Indemnity Co. of Ct. v. Peachstate Auto Ins.*

*Agency*, 357 F. Supp. 3d 1259, 1264 (N.D. Ga. 2019); *see, e.g., Nat'l Cas. Co. v. Pickens*, 582 F. App'x 839, 839 (11th Cir. 2014). The Court having determined that Owners is under no duty to defend Defendants John Rogers and John Rogers Renovations, Inc. in the state court suit, it necessarily follows that Owners has no duty to indemnify those Defendants, either. *See id.*

### IV. Conclusion

For the foregoing reasons, the Plaintiff Owners Insurance Company's Motion for Summary Judgment [Doc. 28] is GRANTED. The Clerk is DIRECTED to enter judgment in favor of the Plaintiff, and to close the case.

SO ORDERED, this ___10th___ day of January, 2023.

THOMAS W. THRASH, JR.
United States District Judge